Welch, J.
On the first assignment of error, namely,, *354 "that the verdict is contrary to the evidence, it is only necessary to say that we are not satisfied such is the fact, and can not therefore say that the court erred in refusing a new trial on that ground. ,
The next assignment of error which we deem it important to notice is, that the court refused to issue, at the request of the defendant, a venire for a struck jury, and compelled him to be tried by the regular jury.
The record shows that some days previous to the day fixed for the trial of the cause, a venire for a special jury in the cause had been ordered by the court, on motion of the prosecuting attorney, and that the counsel for the prisoner refused to assent to the order for its issuance, saying that they reserved the right to except to the same, and they also declined to participate in drawing or selecting the jurors from the list made out under the order. On return of the venire, and upon the day fixed for trial of the cause, on motion of the prisoner the venire was quashed, on the ground that one of the special jurors named in the venire was not living at the time of making out the list. The court then ordered the regular jury to be impaneled for trial of the -cause. To this the defendant objected, and moved the court to issue a new venire for a special jury. The court refused so to do, and the cause was tried by the regular jury. To*all which the defendant excepted.
We see no error in this. By waiting until the day set for trial of the cause, prima fade, the defendant waived his right to demand a special jury; and it is no answer to this conclusion of law to say that he relied upon the demand made by the state, because the record shows - that he repudiated that demand from its inception. He reserved the right to except, not only to possible illegal proceedings under the order for the allowance of the writ, but to the -allowance and issuance of the writ, irrespective of the legality or illegality of such proceedings. He stands upon the record, down to the day of trial, as not desiring a special jury in the cause. We therefore think the court rightly *355 refused his motion to issue a new venire on the day set for trial, on the ground that he had waived' his right thereto.
The next assignment of error is, that the court, in its charge to the jury, said to them : “ It has been testified by Mrs. Shingledecker, that on the morning of the 17th day of June, 1872, at her house, in Cincinnati, the defendant did inflict three wounds, as charged, upon the person of Mr. Thompson; and the fact is admitted by counsel for defendant.”
Counsel contend that the court, in making this remark, usurped the province of the jury, and assumed to find or .state the fads of the case. This is clearly a mistaken view. The court made no statement of the facts, but merely a .statement of the evidence. The court has a right to state the evidence, including the admissions of counsel, provided the statement is made truly. Especially is this the right and duty of the court where there is no dispute, and where counsel agree as to what the evidence is. That such was the case here, counsel do not undertake to deny. The position assumed seems to be, that the jury may be informed as to what the counsel have agreed is the testimony and the facts in the case, but that the information must be .given to them by the counsel, and not by the court. We think the court did not err in making these remarks.
It is next objected that the court excused and discharged one of the regular jurors before the day set for trial of the cause, merely upon the juror’s own statement of cause, and without requiring him to be sworn. It is also objected that the court, although requested by the defendant, refused to issue attachments for certain jurors who had been so discharged.
We can discover no error in this. The attendance or .non-attendance of jurors, before they are impaneled, the punishment of them for non-attendance, and their discharge from attendance on grounds of personal excuse, we understand to be matters between the court and the jurors, and with which the parties can not, of right, interfere. Any other rule would result in giving the right to every *356 suitor, whose case was liable to be tried by a jury, to interfere and be heard 'at any and all applications of attending jurors to be excused from further attendance.
Another assignment of error is, that the court refused to-sustain the challenge of the defendant to the juror, S. H.. Taft, on the alleged ground that the juror had been in attendance, and served as such for two days, during the year next preceding the term of two weeks for which he was summoned to serve, which, by the statute (S & C. 761), in-made a good ground of challenge.
The answer to this is that the record shows no such ground of objection in fact. The juror was summoned to serve for a term of two weeks, commencing on the 25th of November. He was challenged, and put upon his voir dire, on the 30th of November, the day of trial, and he testified that his said two days’ service was within the year then last past. We are bound to presume that his two days’ service-was after the 25th, and therefore not within the period named by the statute. The order of the court is presumed to be right until it is affirmatively shown to be wrong, and this record does not show it to be wrong.
A large number of the assignments of error relate to the-charge of the court, and the court’s refusals to give instructions asked. Many of the instructions so refused t'o be given embody sound principles of law; but the charge of the court, which is set out at length in the record, seems to-us substantially to contain the equivalents of the instructions asked, or at least of so much of them as is applicable to-the case. The court has a right to give the law of the case in its own language, and in its own form, and is not bound to repeat to the jury every proposition of law relative to-the-case, which counsel may find laid down in books, or in decisions of courts, no matter of how high authority.. Were the courts bound, at the option of counsel, to repeat, to the jury all that authors of authority have said of the law of the case, there would be no end to the charge, or at least no reasonable limit to its length.
On one only of the propositions thus asked and refused,. *357 :i>an we see that the court and counsel really differed as to the law of the case. That was as to the rule of evidence .applicable to tire defense of insanity, which was set up in the -case. The counsel for the defendant requested the court to instruct the jury that if they entertained a reasonable doubt .as to the sanity of the defendant they should acquit. This 4 instruction the court refused to give, and, on the contrary, .instructed the jury that in order to an acquittal on that ground, it was incumbent on the defendant to prove the fact of insanity by a preponderance of evidence. In this we think the court was right and the counsel wrong.
There is but one other ground of error which we deem it necessary to notice, and that is, the record does not show that, before passing sentence upon the defendant, the court informed him that the jury had found a verdict of guilty. 'The criminal code (66 Ohio L. 313, see. 169) provides, that before receiving his sentence, the defendant shall be informed by the court of the verdict, and asked by the court whether he has anything to say why judgment should not be pronouuced against him. The record here show's that the court, before passing sentence, did ask the defendant if he had anything to say why judgment should not be pronounced, but it does‘not show that he was informed of the verdict. Whether it would be error for which the judgment could be reversed, for the court to omit giving the information, or asking the question specified, we are not called upon in the present case to decide. It is enough to say that there is nothing in the code requiring the fact, that the defendant was informed by the court of the nature of the verdict to be recorded, and that in the absence of a bill of exceptions showing the contrary, we think the fact that such information was given by the court must be presumed, equally as many other parts of the proceeding, which, though admittedly essential, form no necessary part of the record.
Upon the whole, we see no error in the proceedings of the court, and its judgment must be affirmed.

Judgment affirmed.